UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **OXFORD FINANCE LLC**,<br>115 South Union Street, Suite 300,<br>Alexandria, VA 22314,<br><br>        Plaintiff,<br><br>v.<br><br>**NESIAN J. MAKESH a/k/a NESIAN JEAN MAKESH**,<br>117 Partridge Lane,<br>Chagrin Falls, Ohio 440222,<br><br>**SAPNA DHAWAN**,<br>1560 Gulf Blvd. Unit 1705,<br>Clearwater, Florida 33767,<br><br>**JOSHUA MAKESH**,<br>117 Partridge Lane,<br>Chagrin Falls, Ohio 44022,<br><br>**JEAN NESIAN**,<br>6101 34th Street, W, Apt. 14 H,<br>Bradenton, FL 34210,<br><br>**JOTHISHMATHY A. NESIAN**,<br>1460 Evanston Rd.,<br>Lyndhurst, OH 44124<br><br>**VIJAY K. DHAWAN**,<br>1460 Evanston Rd.,<br>Lyndhurst, OH 44124<br><br>        Defendants. | Case No. |

## **COMPLAINT**

Comes now, OXFORD FINANCE LLC ("Oxford" or "Plaintiff"), by its counsel Blank Rome LLP and complaining of the above-named Defendants, hereby files this Complaint against NESIAN J. MAKESH a/k/a NESIAN JEAN MAKSH ("Nesian M."), SAPNA DHAWAN

1

("Sapna D."), JOSHUA MAKESH ("Joshua M."), JEAN NESIAN ("Jean N."), JOTHISHMATHY A. NESIAN ("Jothishmathy N.") and VIJAY K. DHAWAN ("Vijay D." and collectively with Nesian M., Sapna D., Joshua M., Jean N., and Jothishmathy N., "Defendants" and each a "Defendant"), and alleges as follows:

## PARTIES

1. Oxford is a Delaware limited liability company with its principal place of business located at 115 South Union Street, Suite 300, Alexandria, VA 22314.

2. Oxford is owned by a limited liability company whose sole member is a Delaware limited liability company, whose membership follows with a number of additional Delaware limited liability companies, all with sole members that are also Delaware limited liability companies and trusts (none of which is a resident of or a citizen of Ohio) until ultimate ownership by individual persons who are residents of the States of New York, Connecticut, New Jersey, Virginia, Maryland and California (and, for avoidance of doubt, none of which are residents of Ohio).

3. Nesian M. is a citizen of Ohio residing at 117 Partridge Lane, Chagrin Falls, Ohio 44022.

4. Sapna D. is a citizen of Floriza residing at 1560 Gulf Blvd. Unit 1705, Clearwater, Florida 33767.

5. Joshua M. is a citizen of Ohio residing at 117 Partridge Lane, Chagrin Falls, Ohio 44022.

6. Jean N. is a citizen of Florida residing at 6101 34th Street, W, Apt. 14 H, Bradenton, FL 34210.

7. Jothishmathy N. is a citizen of Ohio residing at 1460 Evanston Rd., Lyndhurst, OH 44124.

8. Vijay D. is a citizen of Ohio residing at 1460 Evanston Rd., Lyndhurst, OH 44124.

## JURISDICTION AND VENUE

9. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

10. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of property that is the subject of the action is situated in this district.

## GENERAL ALLEGATIONS

**I.  The Underlying Debt and Judgments**

11. In May 2021, Defendants Nesian M. and Jean N., brothers, guaranteed a loan issued by Oxford to skilled nursing facilities owned and operated by the brothers – namely, CV Lantern Properties, LLC, Madison Lantern Properties, LLC, Saybrook Lantern Properties, LLC, Orcus Systems and Solutions, Inc., Lantern of Saybrook, Inc. and Lantern of Chagrin Valley, Inc. (collectively, "Borrowers").

12. Borrowers defaulted on the loan and stopped making payments thereunder on April 1, 2023. On November 8, 2023, Oxford obtained the appointment of a receiver over Borrowers and their assets, which appointment was consented to by Borrowers. *See, e.g.*, *Oxford Finance LLC v. CV Lantern Properties, LLC, Madison Lantern Properties, LLC, Saybrook*

*Lantern Properties, LLC*, *Orcus Systems and Solutions, Inc., Lantern of Saybrook, Inc., and Lantern of Chagrin Valley, Inc.*, (N.D. Ohio Case No. 1:23-cv-02175).

13. Defendants Nesian M. and Jean N. failed to honor their guaranty obligations and, as a result, on February 28, 2024, Oxford commenced a breach of guaranty action against them in the Supreme Court for the State of New York, County of New York, entitled *Oxford Finance LLC v. Jean Nesian, et. Al.,* bearing Index No. 651051-2024 (the "New York Action").

14. On January 23, 2025, a judgment (the "Judgment") was entered in favor of Oxford and against Nesian M. and Jean N., jointly and severally, in the New York Action. A true and correct copy of the Judgment is affixed hereto as **Exhibit A.**

15. Pursuant to the Judgment, Oxford was awarded the sum of $5,000,000, plus interest from September 6, 2024 of $171,369.86, and costs and disbursements of $505.00, making a total judgment of $5,171,874.86. *See* **Exhibit A.** Post-judgment interest continues to accrue.

16. On the same day, a second judgment for its attorneys' fees (the "Fees Judgment" and together with the Judgement, the "New York Judgements") was entered in the New York Action in favor of Oxford and against Nesian M. and Jean N., jointly and severally. A true and correct copy of the Fees Judgment is affixed hereto as **Exhibit B.**

17. Pursuant to the Fees Judgment, Oxford was awarded the sum of $23,966.64, plus interest from January 2, 2025, of $124.1, making a total judgment of $24,090.74. *See* **Exhibit B.** Post-judgment interest continues to accrue.

18. Neither Nesian M. nor Jean N. appealed the New York Judgments and the time to do so has passed.

19. As of the date hereof, despite demand for payment and collections, neither Nesian M. nor Jean N. has paid one penny toward the New York Judgments.

20. As of August 12, 2025, over $8.9 million in principal alone is still outstanding to Oxford on the underlying loan that Nesian M. and Jean N. guaranteed.

## II. The Fraudulently Transferred Property – Partridge Lane Property

21. Less than two months after Oxford initiated the New York Action, on April 6, 2024, Nesian M. and his wife, Sapna D., transferred their real property located at 117 Partridge Lane, Chagrin Falls, Ohio 44022 (the "Partridge Lane Property") into the name of their son, Joshua M., via quit claim deed. A true and correct copy of the quit claim deed is attached hereto as **Exhibit C**.

22. Despite transferring the Partridge Lane Property to Joshua M., mortgages in favor of First Federal Savings and Loan securing obligations of Nesian M. and Sapna D. remain on the property. The original obligations to First Federal Savings and Loan were in the amount of $546,000 and $272,900, respectively. True and correct copies of the First Federal Savings and Loan mortgages are attached hereto as **Exhibit D**.

23. Moreover, shortly after entry of the New York Judgements, on April 7, 2025, Joshua M. granted a mortgage in the amount of $3,000,000 on the Partridge Lane Property in favor of a Cook Islands limited liability company, Solomon LLC. A true and correct copy of the Solomon LLC mortgage is attached hereto as **Exhibit E**.

24. A true and correct copy of the title report for Patridge Lane Property as of April 8, 2025 is attached hereto as **Exhibit F**.

25. Following the transfer of the Patridge Lane Property Nesian M. continued to possess the property and to this day refers to it as his primary residence and mailing address.

26. Upon information and belief, Nesian M. divested himself of his interest in the Partridge Lane Property in order to defraud his creditors as part of a calculated scheme to transfer assets out of his name and to his son's name for the purpose of evading any liability resulting from the aforementioned guaranty and New York Judgments.

27. Upon further information and belief, Sapna D. and Joshua M. knowingly and willingly participated in the scheme by Jean N. to defraud his creditors.

### III. The Fraudulently Transferred Property – Evanston Road Property

28. At the same time Nesian M. was transferring the Partridge Lane Property to his son, Nesian M.'s brother, Jean N., transferred his own property to other family members.

29. On March 14, 2024, Jean N. transferred his property located at 1460 Evanston Road, Lyndhurst, Ohio 44124 (the "Evanston Road Property") to Jothishmathy N. and Vijay D. via quit claim deed. A true and correct copy of the quit claim deed is attached hereto as **Exhibit G**.

30. A transfer on death designation affidavit was further filed with respect to the Evanston Road Property designating, upon their death, Joshua M. as the sole owner of the Evanston Road Property. A true and correct copy of the transfer on death designation affidavit is attached hereto as **Exhibit H**.

31. Despite transferring the Evanston Road Property to Jothishmathy N. and Vijay D., a mortgage in favor of Fairway Independent Mortgage Corporation securing obligations of Jean N. remains on the property. The original obligations to Fairway Independent Mortgage Corporation were in the amount of $91,500. A true and correct copy of the Fairway Independent Mortgage Corporation mortgage is attached hereto as **Exhibit I**.

32. Moreover, shortly after entry of the New York Judgments, on March 22, 2025, Vijay D. granted a mortgage in the amount of $250,000 on the Evanston Road Property in favor of a Cook Islands limited liability company, Solomon LLC. A true and correct copy of the Solomon LLC mortgage is attached hereto as **Exhibit J**.

33. A true and correct copy of the title report for the Evanston Road Property as of March 26, 2025 is attached hereto as **Exhibit K**.

34. Upon information and belief, Jean N. divested himself of his interest in the Evanston Road Property in order to defraud his creditors as part of a calculated scheme to transfer assets out of his name and to his relative's name for the purpose of evading any liability resulting from the aforementioned guaranty and New York Judgments.

35. Upon further information and belief, Vijay D., Jothishmathy N. and Joshua M. knowingly and willingly participated in the scheme by Jean N. to defraud his creditors.

## COUNT I

**AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO OHIO REVISED CODE SECTION 1336.07(A) – PARTRIDGE LANE PROPERTY**

36. Oxford re-adopts and re-alleges its allegations in paragraphs 1 through 35 as if fully set forth herein.

37. This is a clam for equitable and other relief under the Ohio Uniform Fraudulent Transfer Act (Oh. Stat. § 1336.01 *et seq.*) against Defendants Nesian M., Sapna D., and Joshua M.

38. Defendants Nesian M., Sapna D., and Joshua M engaged in fraudulent acts in furtherance of a scheme to keep the property out of the hands of Oxford.

39. Nesian M. and Sapna D., husband and wife, transferred the Partridge Lane Property to or for the benefit of their son, Joshua M., with the actual intent to hinder, delay, or defraud the creditors of Nesian M., including Oxford.

40. Nesian M. and Sapna D., husband and wife, transferred the Partridge Lane Property to or for the benefit of their son, Joshua M., an insider.

41. Following the transfer of the Partridge Lane Property Nesian M. continued to possess the property and to this day refers to it as his primary residence and mailing address.

42. The transfer of the Partridge Lane Property was made after Nesian M. had been sued in the New York Action.

43. Nesian M. and Sapna D. transferred the Partridge Lane Property to Joshua M. without receiving a reasonably equivalent value in exchange for the transfer or obligation and Nesian M. engaged in the transaction when his remaining assets were unreasonably small in relation to the transaction.

44. This fraudulent transfer was made within four (4) years of the transfer and the obligation was incurred.

45. Oxford is without adequate remedy at law, because unless the relief requested in granted, Nesian M. does not have sufficient funds from which Oxford can be compensated.

46. Oxford has a high probability of success on the merits.

47. Due to the fraudulent transfer of the Partridge Lane Property by Nesian M. and Sapna D. to their son, Joshua M., Oxford is now seeking remedies available under Oh. Stat. § 1336.07 and is entitled to avoidance of the transfer, avoidance of any and all liens placed on the Partridge Lane Property by Joshua M. and damages related thereto.

WHEREFORE, Oxford requests this Court to avoid the transfer of the Partridge Lane Property by Nesian M. and Sapna D. to their son, attach the Partridge Lane Property, enter an injunction against further disposition or assignment of the Partridge Lane Property pursuant to Oh. Stat. § 1336.07(A)(3)(a), appoint a receiver to take charge of the Partridge Lane Property pursuant to Oh. Stat. § 1336.07(A)(3)(b), grant any other relief the circumstances may require pursuant to Oh. Stat. § 1336.07(A)(3)(c), award attorneys' fees and costs, and grant other relief as is deemed just and reasonable under the circumstances.

## COUNT II

**AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO OHIO REVISED CODE SECTION 1336.07(A) – EVANSTON ROAD PROPERTY**

48. Oxford re-adopts and re-alleges its allegations in paragraphs 1 through 35 as if fully set forth herein.

49. This is a clam for equitable and other relief under the Ohio Uniform Fraudulent Transfer Act (Oh. Stat. § 1336.01 *et seq.*) against Defendants Jean N., Vijay D., Jothishmathy N. and Joshua M.

50. Defendants Jean N., Vijay D., Jothishmathy N. and Joshua M. engaged in fraudulent acts in furtherance of a scheme to keep the property out of the hands of Oxford.

51. Jean N. transferred the Evanston Road Property to or for the benefit of his relatives Vijay D., Jothishmathy N. and Joshua M. Joshua M., with the actual intent to hinder, delay, or defraud the creditors of Jean N., including Oxford.

52. Jean N. transferred the Evanston Road Property to or for the benefit of his relatives Vijay D., Jothishmathy N. and Joshua M., each an insider.

53. The transfer of the Evanston Road Property was made after Jean N. had been sued in the New York Action.

54. Jean N. transferred the Evanston Road Property to Vijay D., Jothishmathy N. and Joshua M. without receiving a reasonably equivalent value in exchange for the transfer or obligation and Jean N. engaged in the transaction when his remaining assets were unreasonably small in relation to the transaction.

55. This fraudulent transfer was made within four (4) years of the transfer and the obligation was incurred.

56. Oxford is without adequate remedy at law, because unless the relief requested in granted, Jean N. does not have sufficient funds from which Oxford can be compensated.

57. Oxford has a high probability of success on the merits.

58. Due to the fraudulent transfer of the Evanston Road Property by Jean N. to his relatives Vijay D., Jothishmathy N. and Joshua M., Oxford is now seeking remedies available under Oh. Stat. § 1336.07 and is entitled to avoidance of the transfer, avoidance of any and all liens placed on the Evanston Road Property by Vijay D. and damages related thereto.

WHEREFORE, Oxford requests this Court to avoid the transfer of the Evanston Road Property by Jean N. to his relatives Vijay D., Jothishmathy N. and Joshua M., attach the Evanston Road Property, enter an injunction against further disposition or assignment of the Evanston Road Property pursuant to Oh. Stat. § 1336.07(A)(3)(a), appoint a receiver to take charge of the Evanston Road Property pursuant to Oh. Stat. § 1336.07(A)(3)(b), grant any other relief the circumstances may require pursuant to Oh. Stat. § 1336.07(A)(3)(c), award attorneys' fees and costs, and grant other relief as is deemed just and reasonable under the circumstances.

Respectfully submitted,

VORYS, SATER, SEYMOUR AND PEASE LLP

*/s/ Marcel C. Duhamel*
Marcel C. Duhamel (0062171)
Carrie M. Brosius (0075484)
Margaret S. Echols (0099471)
200 Public Square Suite 1400
Cleveland, OH 44114
Telephone: (216) 479-6100
Facsimile: (216) 479-6060
Email: mcduhamel@vorys.com
cmbrosius@vorys.com
msechols@vorys.com

*Attorneys for Plaintiff Oxford Finance, LLC*